nute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 286 | **DATE** | 10/25/2004 |
| **CASE TITLE** | IMTIAZUDDIN vs. NORTH AVENUE AUTO, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motions *in limine* [58-1], [61-1] are granted. The parties may not present evidence at trial regarding attorneys' fees, settlement agreements between plaintiff and other defendants, or plaintiff's pending Circuit Court lawsuit. Plaintiff's motions *in limine* [57-1], [66-1] are denied. In addition, plaintiff may not present any evidence at trial regarding his motivation to sue as a private attorney general or in the public's interest. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | OCT 27 2004 | |
| | Notified counsel by telephone. | | | date docketed | 76 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 10/25/2004 | |
| | | | | date mailed notice | |
| CB | courtroom deputy's initials | | | PW mailing deputy initials | |
| | | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SYED IMTIAZUDDIN, )
)
    Plaintiff, ) No. 04 C 286
)
v. ) Suzanne B. Conlon, Judge
)
NORTH AVENUE AUTO, INC., )
)
    Defendant. )

DOCKETED
OCT 2 7 2004

## MEMORANDUM OPINION & ORDER

Plaintiff Seyd Imtiazuddin sues North Avenue Auto, Inc., d/b/a Grand Honda ("Grand Honda") for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, arising out of the failed purchase of a Honda Civic. On July 14, 2004, the parties' cross-motions for summary judgment were denied because: (1) a genuine issue of material facts exists as to whether Grand Honda's financing activities rise to the level of regular participation in credit decisions, thereby subjecting it to the notice requirements imposed on creditors by the ECOA; (2) Grand Honda's argument that it is not a "creditor" was an insufficient legal basis warranting summary judgment under the FCRA; and (3) a reasonable fact finder could conclude that Grand Honda's conduct did not constitute an adverse action based in whole or in part on consumer report information. Imtiazuddin moves *in limine* to bar evidence at trial.

## DISCUSSION

### I. Standard of Review

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *See Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. *Id.* at 1401. Denial of a motion *in limine* does not indicate evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot or should not determine whether the evidence in question should be excluded before trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

### I. Creditor Status

Imtiazuddin seeks to preclude Grand Honda from arguing it lacks creditor status based on a document that states: (1) "I understand that no guarantee, verbal or written has been given to me that my credit has been approved for the purchase of a vehicle;" and (2) "I acknowledge that Grand Honda has agreed only to assist me in obtaining financing and is not the decision maker as to whether my credit will be approved." Imtiazuddin argues the signed statements are not relevant or probative on the issue of whether Grand Honda is a creditor because a self-serving denial of status in the form of a legal conclusion does not make the degree of Grand Honda's participation in the credit process more or less clear. In addition, Imtiazuddin refers to Illinois law prohibiting waiver of liability.

Grand Honda argues the signed form is relevant to its defense it had an agreement with Imtiazuddin that he was given no guarantee his credit would be approved and that Grand Honda would only assist him

in obtaining financing. Because the law states that "selecting creditors to whom application will be made" does not make one a "creditor" for purposes of the ECOA, Grand Honda contends the evidence is relevant to its defense that it acted as a car seller as opposed to a creditor. Further, Grand Honda asserts Imtiazuddin's reliance on state case law is erroneous.

The Seventh Circuit recently explained that merely selecting creditors to whom applications will be made does not make one a creditor under the ECOA. *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 980 (7th Cir. 2004). "There is a continuum of participation in a credit decision from no participation, to referring applicants to the decision maker, to final decisionmaking. At some point along the continuum, a party becomes a creditor for purposes of the notification requirements of the Act." *Id.* This court denied the parties' summary judgment motions, in part, because a genuine issue of material facts exists as to whether Grand Honda's financing activities rise to the level of regular participation in credit decisions. Therefore, the form is relevant to the issue of Grand Honda's participation in the credit decision and Imtiazuddin's understanding. The challenged evidence is not clearly inadmissible for all purposes. The motion *in limine* must be denied.

## II. Attorneys' Fees

Imtiazuddin seeks to preclude Grand Honda from referencing attorneys' fees at trial. Imtiazuddin asserts "Congress intended that the federal consumer protection statutes be enforced primarily by private attorneys general, rather than law enforcement agencies." Further, Imtiazuddin contends it was within Grand Honda's power to keep Imtiazuddin's attorneys fees to a minimum and, because it launched a "stalwart" defense, Grand Honda may not now complain fees are too high.

3

Grand Honda argues it is inappropriate for Imtiazuddin to assert he is seeking enforcement of the statutes as a private attorney general. Moreover, Grand Honda contends Imtiazuddin's motivation in filing suit and the issue of attorneys' fees are irrelevant. Therefore, Grand Honda asserts the court should prohibit Imtiazuddin from presenting evidence regarding his motivation for this lawsuit to the extent recovery of attorneys' fees or the public good is concerned.

The parties' arguments are totally deficient and completely lack legal support. To the extent the court can make any sense out of them, it appears both parties agree that discussion of attorneys' fees to the jury is inappropriate. Indeed, the parties' Joint Pre-Trial Order indicates Imtiazuddin seeks attorneys' fees "in the amount determined by the Court." PTO at Tab I. Evidence regarding attorneys' fees is therefore irrelevant and the motion *in limine* is granted. Neither party shall mention attorneys' fees in the jury's presence. Nor may Imtiazuddin refer to his purported status as a private attorney general or that he brought the suit in the public's interest.

## III. Settlements and Circuit Court Case

Imtiazuddin seeks to exclude evidence regarding: (1) his settlements with other defendants; and (2) his pending action in the Circuit Court of Cook County. He argues evidence of settlement agreements with other defendants is irrelevant because those defendants were not joint tortfeasors who acted with Grand Honda. Rather, the settlements involved independent allegations of consumer protection violations and have no bearing on the determination of the disputed facts for trial. Further, Imtiazuddin alleges he is prosecuting a separate lawsuit in the Circuit Court of Cook County regarding alleged illegal repossession of a trade-in vehicle. He argues the issues before the Circuit Court have no bearing on the ECOA and FCRA violations here and the evidence is irrelevant.

4

Grand Honda argues Imtiazuddin has failed to produce any settlement documents. Therefore, it cannot determine whether the evidence is irrelevant. Grand Honda contends it is inappropriate for Imtiazuddin to refuse to produce settlement documents while arguing the documents are of no evidentiary value. Grand Honda contends it is possible the settlement agreements contain offsets or a release of the claims against it. As to the Circuit Court action, Grand Honda argues: (1) Imtiazuddin has not produced the Circuit Court documents, despite Grand Honda's request; (2) the Circuit Court documents Grand Honda did obtain indicate Imtiazuddin seeks damages from American Honda for repossession of his vehicle, damages that he also seeks here and to which Grand Honda contends Imtiazuddin is untitled; and (3) Grand Honda is entitled to offer evidence, such as the Circuit Court pleadings, to show illegal actions were not the natural consequence of the violations alleged in this suit.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, waste of time, and jury confusion. Fed. R. Evid. 403. The relevance and probative value of the settlement agreements and the Circuit Court case is doubtful. There is a substantial likelihood that the introduction of evidence regarding settlements and the Circuit Court case will be a waste of time and will lead to jury confusion. The motion *in limine* is granted. The evidence relating to Imtiazuddin's settlements with other defendants and his Circuit Court lawsuit is inadmissible.

## IV. Retail Installment Contract

Imtiazuddin asserts the parties entered into a retail installment contract on January 25, 2004 and moves to preclude Grand Honda from arguing the contract did not exist. Imtiazuddin contends the contract was subject to a condition enabling Grand Honda to unwind the deal if unable to assign the contract to a financing company. He asserts this condition is immaterial because the contract became effective when he signed the document and became obligated under it.

Grand Honda argues Imtiazuddin's motion *in limine* is actually a motion for summary judgment on contested facts. Grand Honda contends the retail contract was never effectuated because, on account of its inability to obtain financing, Grand Honda never signed the contract. Grand Honda argues the evidence supports its position that the buyer's order was executed, but the retail installment contract was not.

The evidence is not clearly inadmissible. Admissibility of the retail installment contract must await trial when objections may be considered in context. The motion *in limine* must be denied.

## CONCLUSION

Imtiazuddin's motions *in limine* are granted in part and denied in part. The parties may not present evidence at trial regarding attorneys' fees, settlement agreements between Imtiazuddin and other defendants, or Imtiazuddin's pending Circuit Court lawsuit. In addition, Imtiazuddin may not present any evidence at trial regarding his motivation to sue as a private attorney general or in the public's interest.

October 25, 2004                                              ENTER:

                                                              *Suzanne B. Conlon*
                                                              Suzanne B. Conlon
                                                              United States District Judge